IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| TROY JENSEN, et al.,<br><br>        Petitioner,<br><br>vs.<br><br>BARNHART,<br><br>        Respondent. | **ORDER**<br><br>Case No. 2:06-cv-119<br>Judge Dee Benson |

Before the Court is Petitioner Troy Jensen's petition for judicial review of the Commissioner of Social Security's denial of his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c.

### I.  BACKGROUND

Mr. Jensen applied for SSI on September 27, 2002, Tr. at 69-71, alleging disability based on paranoid personality, anxiety disorder, and hepatitis C. Tr. at 122. The Commissioner initially denied Mr. Jensen's application for benefits. Tr. at 49-50. Following a hearing on April 14, 2005, Tr. at 284-316, the Administrative Law Judge ("ALJ") determined Mr. Jensen was not disabled. Tr. at 27-28. The Appeals Council declined review of the ALJ's determination on December 16, 2005, Tr. at 4-6, making the ALJ's determination the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. § 416.1481 (2006).

/ / /

/ / /

/ / /

## II. ANALYSIS

### A. <u>Legal Standard</u>

This Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. See 42 U.S.C. §§ 405(g), 1383(c)(3); <u>Madrid v. Barnhart</u>, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Grogan v. Barnhart</u>, 399 F.3d 1257, 1261 (10th Cir. 2005). This Court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." <u>White v. Barnhart</u>, 287 F.3d 903, 905 (10th Cir. 2001).

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1142 (10th Cir. 2004). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." <u>Williams v. Bowen</u>, 844, 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the Listing of Impairments. 20 C.F.R., Pt. 404, Subpt. P, App. 1. If a claimant's impairment does not meet or equal a listed impairment, the Commissioner assess the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520 (e), 416.920(e).

After determining the claimant's RFC, the Commissioner evaluates steps four and five, determining whether the claimant can perform his past relevant work, and whether he is able to

perform other work in the national economy.  Williams, 844 F.2d at 751.  In steps one through four the burden is on the claimant to prove a disability that prevents performance of past relevant work.  Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001).  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within the claimant's capacity.  Haddock v. Apfel, 196 F3d 1084, 1088 (10th Cir. 1999).

### B.  The ALJ's Step Three Analysis

Under step three, the ALJ must identify the listing or listings relevant to the claimant's impairments, discuss the evidence regarding those listings, and give reasons for the conclusion that the claimant's condition does not meet or equal those listings.  *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  Here, the ALJ did not discuss the evidence regarding the listings and failed to give reasons for her conclusion that Mr. Jensen's conditions meet none of the listings.  However, the Commissioner argues that it is not reversible error for the ALJ to fail to identify and discuss particular listings based on the Tenth Circuit's opinion in *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).  The Commissioner relies on *Fischer-Ross* for the argument that the ALJ's discussion of Mr. Jensen's severe impairments, in addition to the step four and five findings, render any lack of detailed findings at step three harmless.

The Commissioner made a similar argument that a case did not need to be remanded because the court could apply the harmless error analysis from *Fischer-Ross* in *Dye v. Barnhart*, 180 Fed. Appx. 27 (10th Cir. 2006).  In *Dye*, the Tenth Circuit ruled that harmless error analysis does not apply to an ALJ's failure to identify and discuss a particular listing when there are no findings that conclusively negate the possibility that the claimant could meet the listed requirements.  *Id*. at 29-30.  Here, the ALJ's decision does not contain sufficient findings to

conclusively negate the possibility that Mr. Jensen could meet the listing requirements under step three. As in *Dye*, the ALJ's consideration of an impairment under the listings in this case is limited to a conclusion without sufficient discussion of the medical evidence. Therefore, the Commissioner's harmless error analysis based on *Fischer-Ross* fails and the case should be remanded as the ALJ has erred in failing to "discuss the evidence and explain why he found that [Mr. Jensen] was not disabled at step three." *Id*. at 29 (citing *Clifton*, 79 F.3d at 1009).

### C.  The ALJ's Hypothetical to the Vocational Expert

An ALJ's inquiries to a vocational expert must include all those impairments borne out by the evidentiary record. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995). Here, the ALJ failed to include limitations in her hypothetical regarding certain of Mr. Jensen's significant limitations, including his deficiencies in sustained concentration and persistence, even though there is sufficient information in the evidentiary record to support these limitations. Additionally, the hypothetical did not include any information as to Mr. Jensen's actual diagnosis or the severe impairments the ALJ determined Mr. Jensen suffers from.

As an additional ground to remand this case, the Court finds that the ALJ's hypothetical to the vocational expert failed to include all of Mr. Jensen's impairments borne out by the evidentiary record. Because the ALJ relied on the vocational expert's opinion testimony in rendering her decision, the ALJ's decision was not supported by substantial evidence where the hypothetical was deficient.

### III.  CONCLUSION

For the reasons stated above, the Court orders that pursuant to sentence four of 42 U.S.C. § 405(g), this case is remanded to the Commissioner for further administrative proceedings

consistent with this Order.  Accordingly, this action shall be dismissed.

    IT IS SO ORDERED.

    Dated this 1st day of October, 2007.

                                                                                                                                                                                                    _____

                                                                                                                                                                                                    Dee Benson
                                                                                                                                                                                                    U.S. District Court Judge